**CITY OF GRAND RAPIDS,**
**Respondent,**

v.

**Lisa Kay JARVI, Appellant.**

**No. C2–87–556.**

Court of Appeals of Minnesota.

Aug. 11, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Leif A. Nelson, Grand Rapids City Atty., Grand Rapids, for respondent.

John P. Dimich, County Public Defender, Grand Rapids, for appellant.

Considered and decided by POPOVICH, C.J., and NORTON and MULALLY,* JJ., with oral argument waived.

## OPINION

NORTON, Judge.

Appellant Lisa Jarvi was convicted of the misdemeanor of criminal damage to proper-

___

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

ty. Minn.Stat. § 609.595, subd. 2 (1986). On appeal, she claims there is insufficient evidence to support the conviction and that she was denied effective assistance of counsel. We affirm.

## FACTS

Appellant Lisa Jarvi was charged with the misdemeanor of criminal damage to property, arising out of damages to a garage door at a residence in Grand Rapids, Minnesota on July 20, 1986. That evening, Mark Jarvi was babysitting his nephew at the residence. Mark's brother, Richard Jarvi, was also at the residence watching his baby son. Appellant, Richard Jarvi's separated and now ex-wife, had brought their son to the residence earlier that day.

At approximately 1:00 a.m. appellant arrived at the residence to pick up her son. Mark Jarvi observed appellant leave the house carrying her son and get into the driver's seat of a four-door car parked in the driveway approximately five feet behind the garage door. He heard the car start up and stated it "revved way up." He then saw the car move forward, and he heard a noise. He testified he knew the car hit something, but did not think much of it because it did not sound that serious. The next day Mark Jarvi observed the garage door had been damaged and windows in the door had been broken. The day before he had been by the garage and it had not been damaged. The necessary repairs were estimated at $394.

Appellant denied hitting the garage and stated that she observed another car full of people in the driveway. Appellant claimed that when she departed she entered a car on the street, which had been driven to the residence by a friend, Dan McConkey. She allegedly then drove the car around the corner and was pulled over by the police, who questioned her concerning a domestic problem.

Dan McConkey claimed appellant did not hit the garage and testified he picked up appellant and her son while they were standing on the side of the street. He indicated he got out of the car and let appellant drive. He also stated that he had consumed eight beers that evening.

Gerald Mishow, who was with Dan McConkey when they drove to pick up appellant, also claimed appellant did not hit the garage and that they picked appellant up on the side of the street. He also indicated that on the evening in question he had consumed five beers.

After a court trial, appellant was found guilty of the misdemeanor of criminal damage to property.

## ISSUES

1. Is there sufficient evidence to sustain appellant's conviction?

2. Was appellant denied effective assistance of counsel?

## ANALYSIS

### I.

Appellant challenges the sufficiency of the evidence for her conviction. In reviewing a claim of insufficiency of evidence, this court is required to interpret the evidence in the light most favorable to the verdict and assume the factfinder disbelieved any contradictory evidence. *State v. Parker*, 353 N.W.2d 122, 127 (Minn.1984). Credibility determinations are for the finder of fact and generally should not be disturbed on appeal. *State v. Fisler*, 374 N.W.2d 566, 569 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Nov. 18, 1985). A trial judge's determination is given the same weight as a jury verdict. *Id.*

The trial court indicated it believed the testimony of Mark Jarvi and rejected the testimony of the other witnesses. Mark Jarvi observed appellant get into the car at the driver's door. The car was then started and "revved way up." He saw the car move forward in the driveway and heard a noise and believed the car had hit something. The next morning he observed the garage door had been damaged. The car was stopped by the police a short distance from the residence and appellant was driving the vehicle. Although there was evidence presented at trial contradicting

Mark Jarvi's testimony, issues of credibility are for the finder of fact. In evaluating the evidence in a light most favorable to the verdict, we find there is sufficient evidence to sustain appellant's conviction.

## II.

■ Appellant also claims she was denied effective assistance of counsel because her trial counsel failed to request a continuance or make an offer of proof concerning the materiality of the testimony of a missing witness, Richard Jarvi. Richard Jarvi had been subpoenaed, but was in Texas at the time of the trial. He had contacted appellant's trial counsel before he left and she indicated it was okay for him to leave, but to contact her when he returned.

To obtain reversal of a conviction for ineffective assistance of counsel, a defendant must show counsel's performance was deficient, and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "There is a strong presumption that a counsel's performance falls within the wide range of 'reasonable professional assistance.'" *State v. Jones*, 392 N.W.2d 224, 236 (Minn. 1986).

Although appellant's trial counsel did not formally move for a continuance in this matter, the trial court did consider whether a continuance should be granted and decided it was unnecessary because the testimony of Richard Jarvi would be cumulative of the other witnesses testifying on behalf of appellant. Since the trial court considered whether a continuance should be granted and appellant has not now shown that without the testimony of Richard Jarvi she was denied a fair trial, we cannot conclude appellant was denied effective assistance of counsel.

The court also finds the trial court's refusal to grant a continuance was not a clear abuse of discretion. *See generally State v. Huber*, 275 Minn. 475, 481, 148 N.W.2d 137, 141–142 (1967). Although appellant would have preferred that Richard Jarvi testify at the trial, she informed the court on one occasion she was willing to proceed to trial. One of the defense witnesses had traveled a long distance for the trial. Based on the record before us, this court holds the denial of a continuance was not a clear abuse of discretion and did not deny appellant due process.

## DECISION

There was sufficient evidence to support appellant's conviction and she was not denied effective assistance of counsel. The court did not abuse its discretion in refusing to grant a continuance.

Affirmed.